T.C. Memo. 2007-373


UNITED STATES TAX COURT


KATHLEEN JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23959-06.                    Filed December 26, 2007.


Kathleen Jackson, pro se.

<u>Lisa R. Woods</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HAINES, <u>Judge</u>: Respondent determined a deficiency in

petitioner's 2002 Federal income tax of $68,254.[1]  The issue for

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
are rounded to the nearest dollar.

decision is whether petitioner is entitled to deduct gambling losses in excess of the $127,165 that respondent conceded for 2002.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Blaine, Minnesota.

Petitioner is a recreational gambler who played slot machines regularly in 2002. Petitioner visited the casino on a weekly basis and played the slots for hours at a time. When petitioner won a jackpot, she would often use her winnings to play at a higher stakes slot machine. Petitioner kept no diary, log, or record of any kind of her gambling winnings and losses.

In her 2002 Form 1040, U.S. Individual Income Tax Return, filed in April 2006, petitioner reported gambling winnings and losses of $21,051. Petitioner subsequently filed a Form 1040X, Amended U.S. Individual Income Tax Return, in which she reported gambling winnings and losses of $244,744. Petitioner now concedes that her total gambling winnings for 2002 were actually $265,795.

Respondent issued a notice of deficiency on October 6, 2006, disallowing $223,693 of petitioner's claimed $244,744 gambling losses due to lack of substantiation. Petitioner filed a timely

petition with this Court, and a trial was held on September 25, 2007, in St. Paul, Minnesota. At trial, respondent conceded that petitioner had presented sufficient documentation to substantiate $127,165 in gambling losses.[2]

## OPINION

Gross income includes all income from whatever source derived, including gambling. See sec. 61; McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961). In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gains from such transactions. Sec. 165(d); McClanahan v. United States, supra at 632 n.1 (citing Winkler v. United States, 230 F.2d 766 (1st Cir. 1956)). In order to establish entitlement to a deduction for gambling losses in this Court, the taxpayer must prove the losses sustained during the taxable year. Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19.

Petitioner failed to present credible evidence of gambling losses beyond those respondent conceded. Petitioner did not maintain a diary or any other contemporaneous record reflecting

---

[2] This documentation consisted of casino ATM receipts, canceled checks made payable to casinos, carbon copies of checks made payable to casinos, and credit card statements stating that cash was advanced at the casinos.

either her winnings or her losses from gambling during 2002.

Further, petitioner's gambling income of $265,795 for 2002 was

established only by an examination of her Forms W-2G, Certain

Gambling Winnings, and petitioner appeared unaware of the

specific figure until confronted by respondent.  At trial,

petitioner submitted no evidence to validate her claimed gambling

losses, relying only on the theory that her losses must have

equaled her earnings because she found herself in debt at the end

of the year.[3]  We conclude that petitioner has failed to satisfy

her burden of substantiating her losses.

As a general rule, if the trial record provides sufficient

evidence that the taxpayer has incurred a deductible expense, but

the taxpayer is unable to substantiate adequately the precise

amount of the deduction to which he or she is otherwise entitled,

the Court may estimate the amount of the deductible expense, and

allow the deduction to that extent.  Cohan v. Commissioner, 39

F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85

T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823,

827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969);

sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014

---

[3] Petitioner testified that she determined her gambling losses were greater than her winnings because she took out a second mortgage on her house for $25,000 in 2002 and spent the money on slot machines.  Petitioner claimed she was still $25,000 in debt at the end of 2002, and inferred that this was because her gambling expenditures outpaced her earnings.

(Nov. 6, 1985).  In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra at 742-743.  Without such a basis, any allowance would amount to unguided largesse. William v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

The record provides no satisfactory basis for estimating petitioner's gambling losses.  See Stein v. Commissioner, supra. Unlike cases such as Doffin v. Commissioner, T.C. Memo. 1991-114, where evidence of the taxpayer's lifestyle and financial position allowed this Court to approximate unsubstantiated gambling losses, petitioner has failed to produce any evidence to corroborate her story.[4]  Consequently, the Court will not apply the Cohan rule to estimate the amount of petitioner's gambling losses.

---

[4]  Petitioner asserted at trial that the difference between her gambling income and the loss she substantiated was put back into slot machines.  This testimony, standing by itself, does not constitute a basis which would allow us to approximate petitioner's gambling losses.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.